# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FEGAN,<br><br>    Petitioner,<br><br>    v.<br><br>SCHULTZ, et al.,<br><br>    Respondents. | Case No. 1:24-cv-01250-SAB-HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new,

1

1 retroactive, constitutional right or (2) the factual basis of the claim was not previously 2 discoverable through due diligence, and these new facts establish by clear and convincing 3 evidence that but for the constitutional error, no reasonable factfinder would have found the 4 applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

5 However, it is not the district court that decides whether a second or successive petition 6 meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive 7 application permitted by this section is filed in the district court, the applicant shall move in the 8 appropriate court of appeals for an order authorizing the district court to consider the 9 application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can 10 file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–11 657 (1996). This Court must dismiss any second or successive petition unless the Court of 12 Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter 13 jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

14 In the instant petition, Petitioner challenges his 1995 convictions in the Merced County 15 Superior Court for murder, burglary, arson, and taking one's own child. (ECF No. 1 at 1.[1]) 16 Petitioner previously filed multiple federal habeas petitions in this Court challenging the same 17 convictions. See Fegan v. Roe, No. 1:99-cv-06427-OWW-LJO (denied on the merits); Fegan v. 18 Scribner, No. 1:06-cv-00531-OWW-DLB (dismissed as successive); Fegan v. Warden, No. 1:08-19 cv-01140-DLB (dismissed as successive); Fegan v. Warden, No. 1:08-cv-1373-JLT (dismissed 20 as untimely); Fegan v. Warden, No. 1:11- cv-01863-LJO-JLT (dismissed as successive); Fegan 21 v. Brazelton, No. 1:14-cv-00967-AWI-JLT (dismissed as successive).[2] The Court finds that the 22 instant petition is "second or successive" under § 2244(b). Petitioner makes no showing that he 23 has obtained prior leave from the Ninth Circuit to file this petition. As Petitioner has not obtained 24 prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to 25 consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the 26 petition. See Burton, 549 U.S. at 157.

---

27 [1] Page numbers refer to the ECF page numbers stamped at the top of the page.
28 [2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

## II.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as successive.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 7, 2024**

STANLEY A. BOONE
United States Magistrate Judge