UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN FEGAN,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>SCHULTZ, et al.,<br><br>　　　　　　　Respondents. | No.  1:24-cv-01250-KES-SAB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY<br><br>(Doc. 5) |

Petitioner Stephen Fegan is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 8, 2024,[1] the assigned magistrate judge issued findings and recommendations that recommended dismissing the petition as an unauthorized successive petition.  Doc. 5.  On December 2, 2024, petitioner filed timely objections.  Doc. 7.  In those objections, he asserts that he filed an application for leave to file a second or successive petition with the Ninth Circuit on November 14, 2024, *see* Doc. 7 at 3, which was after he filed the instant petition and after the magistrate judge issued findings and recommendations, *see* Docs. 1, 5. Petitioner did not include a case number or a copy of the form that he filed with the Ninth Circuit.

---

[1] The findings and recommendations were signed on November 7, 2024, but not docketed until November 8, 2024.

1

*See* Doc. 7.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of the case. Having carefully reviewed the file, including petitioner's objections, the Court holds the findings and recommendations to be supported by the record and proper analysis. AEDPA requires a petitioner to seek leave from the court of appeals "*[b]efore* a second or successive application may be filed." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). "When [] AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application." *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) (quoting *Libby v. Magnusson,* 177 F.3d 43, 45 (1st Cir. 1999)). This Court lacks jurisdiction, and the petition must be dismissed. *See id.*

Having found that petitioner is not entitled to habeas relief, the Court now turns to whether a certificate of appealability should issue. A petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is allowed only in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); 28 U.S.C. § 2253. Where, as here, the Court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the Court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In the present case, the Court finds that reasonable jurists would not find the Court's determination that the petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

///

///

///

Accordingly:

1. The findings and recommendations issued on November 8, 2024, Doc. 5, are ADOPTED in full;
2. The petition for writ of habeas corpus is DISMISSED;
3. The Clerk of Court is directed to close the case; and
4. The Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:   December 19, 2024

UNITED STATES DISTRICT JUDGE